UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MIND MEDICINE (MINDMED) INC., a British Columbia Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT FREEMAN, an individual, and FCM MM HOLDINGS, LLC, a Wyoming Limited Liability Company,<br><br>Defendants. | Case No. 2:23-cv-01354-MMD-EJY<br><br>**ORDER** |

Pending before the Court is a Motion to Seal filed by Defendant FCM MM Holdings, LLC ("Defendant"). ECF No. 14. Defendant states the Motion to Dismiss should be sealed because it quotes from and discusses Exhibit A to Plaintiff's Complaint—a document previously sealed by the Court. Defendant submits it needs only to demonstrate "good cause" to meet the sealing requirement. Defendant appears to contend only a sealed version of the Motion to Dismiss must be filed on the docket. Defendant is wrong. However, and that said, the Court grants the Motion to Seal requiring redacted documents to be filed on the publicly accessible docket.

As the party seeking to seal a judicial record, Defendant must meet its burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). When the sealing request relates to a dispositive motion, the party seeking to seal the record "must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id*. at 1178-79 (alteration and internal quotation marks and citations omitted). Among the compelling reasons that may justify sealing a record are "when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (quotation omitted). However, avoiding a litigant's "embarrassment, incrimination, or exposure to further litigation will not,

without more, compel the court to seal its records." *Id.* Further, along with filing sealed, unredacted documents, the filing party must also file a redacted unsealed version of the same documents on the publicly available docket. *Crusher Designs, LLC v. Altas Copco Powercrusher GmbH*, Case No. 2:14-cv-01267-GMN-NJK, 2015 WL 5116842, at *2 (D. Nev. Aug. 31, 2015) ("Generally, parties file unredacted versions of their documents under seal pending resolution of the concurrently-filed motion to seal, and redacted versions on the public docket.") (internal citation omitted). Here, a review of Exhibit A demonstrates the document is properly sealed and references to the document's contents are also properly sealed as the document contains commercially sensitive information the public disclosure of which is inappropriate.

Accordingly, IT IS HEREBY ORDERED that the Motion to Seal (ECF No. 14) is GRANTED.

IT IS FURTHER ORDERED that ECF No. 13, the Motion to Dismiss, shall remain sealed.

IT IS FURTHER ORDERED that Defendant FCM MM Holdings, LLC **must** no later than **September 14, 2023**, file on the public docket a copy of the Motion to Dismiss and all exhibits thereto redacting **only** those portions of the Motion and exhibits referencing the contents of Exhibit A. All remaining portions of the Motion to Dismiss and exhibits are not to be redacted.

Dated this 7th day of September, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE