UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MIND MEDICINE (MINDMED) INC., a British Columbia Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT FREEMAN, an individual, and FCM MM HOLDINGS, LLC, a Wyoming Limited Liability Company,<br><br>Defendants. | Case No. 2:23-cv-01354-MMD-EJY<br><br>**ORDER** |

Before the Court is Defendant Scott Freeman's Motion to Seal. ECF No. 74. The Motion seeks permission to maintain a redacted copy of Exhibit 33 to his Special Motion to Dismiss (ECF No. 75) under seal. Two sentences on page two of the exhibit are currently unavailable to the public. As the moving party, Defendant Freeman must satisfy the Ninth Circuit requirements for sealing documents attached to a dispositive motion.

Controlling case law establishes a strong presumption of public access to judicial records. *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). To overcome the presumption when a dispositive motion is at issue, the moving party must demonstrate a compelling reason that supports maintaining the secret nature of the documents. *Kamakana*, 447 F.3d at 1180. The compelling reasons must outweigh the public's interest in having access to the judicial records and in understanding the judicial process. *Id.* at 1178-79.

Here, Defendant Freeman explains the sentences in the document sought to be sealed were previously sealed in a state court proceeding; although, he does not necessarily believe the material meets the sealing standard. ECF No. 74. Defendant Freeman also states the Motion to Dismiss does not cite or quote from those two sentences. *Id.* While a review of the redacted substance evidences

information that one might not want to publicize, the Court does not find a facially valid basis for the redaction requested.

Accordingly, IT IS HEREBY ORDERED that Plaintiff Mind Medicine must, **no later than November 9, 2023**, respond to Defendant Freeman's Motion to Seal providing the Court with factual and legal support for approving the redaction in Exhibit 33.

Dated this 1st day of November, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE