UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MIND MEDICINE (MINDMED) INC., a British Columbia Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT FREEMAN, an individual, and FCM MM HOLDINGS, LLC, a Wyoming Limited Liability Company,<br><br>Defendants. | Case No. 2:23-cv-01354-MMD-EJY<br><br>**ORDER** |

Before the Court is Defendant Scott Freeman's Motion to Seal. ECF No. 74. The Motion seeks permission to maintain a redacted copy of Exhibit 33 to his Special Motion to Dismiss (ECF No. 75) under seal. Two sentences on page two of the exhibit are currently unavailable to the public. The Court previously expressed concern regarding whether the information sought to be sealed was properly sealed. On November 9, 2023, Mind Medicine filed its Response to ECF No. 74 stating: "The sentences quoted in Exhibit 33 includes scurrilous and outlandish allegations that baselessly call Ms. Vallone's ethics into question." ECF No. 93 at 2. Mind Medicine further states: "No motion pending before the Court quotes from the letter. Indeed, any reliance on the letter is limited to characterizations thereof—all of which is publicly available. For these reasons, balancing the competing interests of the public and Mind … Med[icine] weighs heavily in favor of redacting two sentences in Exhibit 33." *Id*. at 3.

Controlling case law establishes a strong presumption of public access to judicial records. *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). To overcome the presumption when a dispositive motion is at issue, the moving party must demonstrate a compelling reason that supports maintaining the secret nature of the documents. *Kamakana*, 447 F.3d at 1180. The compelling reasons must outweigh the public's interest in having access to the judicial records and in understanding the judicial process. *Id.* at 1178-79.

1       Here, while Defendant Freeman explains he does not necessarily believe the material meets
2  the sealing standard, Mind Medicine demonstrates a sufficiently compelling reason to support
3  maintaining the redactions on Exhibit 33.
4       Accordingly, IT IS HEREBY ORDERED that the Motion to Seal Exhibit 33 to Scott
5  Freeman's Anti-Slapp Special Motion to Dismiss (ECF No. 74) is GRANED.
6       IT IS FURTHER ORDERED that Exhibit 33 in the appendix supporting Scott Freeman's
7  Anti-SLAPP Special Motion to Dismiss is and shall remain sealed.
8       Dated this 10th day of November, 2023.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　ELAYNA J. YOUCHAH
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE